**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4470**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KYJAHRE HASAN RILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:12-cr-00060-WO-1)

Submitted: March 3, 2017          Decided: March 9, 2017

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina; Bradley W. Simon, Clinical Student, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyjahre Hasan Riley seeks to appeal the district court's amended judgment, resentencing him to a period of incarceration of "37 months but not less than time served." United States v. Riley, No. 1:12-cr-00060-WO-1 (M.D.N.C., PACER No. 70 at 2). Because Riley has completed his term of imprisonment, we dismiss Riley's appeal as moot.

Although neither party questions whether Riley's appeal of his term of imprisonment is moot, this court "must address whether [it has] jurisdiction over this . . . appeal." Yates v. Terry, 817 F.3d 877, 882 (4th Cir. 2016). "The doctrine of mootness originates in Article III's case or controversy language," and this Court loses jurisdiction over any portion of an appeal that becomes moot. Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (alterations and internal quotation marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Id. (internal quotation marks omitted). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed . . . ." Id. (alteration and internal quotation marks omitted).

Here, Riley's completion of his term of imprisonment before his appeal rendered his challenge to the prison term moot.

2

Accordingly, we dismiss Riley's appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

**DISMISSED**
